■ HERON A. SAM, Appellant, v CHURCH OF ST. MARK et al., Respondents. [741 NYS2d 267] —In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Dowd, J.), dated July 16, 2001, which granted the defendants' motion, in effect, for summary judgment dismissing the complaint on the grounds of lack of subject matter jurisdiction and as barred by the statute of limitations, and (2) a

judgment of the same court, dated October 31, 2001, which was entered thereon.

Ordered that the appeal from the order dated July 16, 2001, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that it lacked subject matter jurisdiction over the plaintiff's second cause of action to recover damages for breach of a contract of employment or wrongful termination of employment. The issue presented cannot be decided solely upon the application of neutral principles of law, and would require this Court to pass upon the underlying dispute between the plaintiff and the defendants, the canonical law pursuant to which the plaintiff's pastoral relationship was terminated, and the determinations issued by the ecclesiastical tribunals. Thus, judicial resolution of the second cause of action would inexorably entangle this court in a religious controversy in violation of the Establishment Clause of the First Amendment of the United States Constitution (*see Serbian E. Orthodox Diocese v Milivojevich,* 426 US 696, 708-710; *Maryland & Va. Eldership v Church of God at Sharpsburg,* 396 US 367, 369; *Lightman v Flaum,* 97 NY2d 128, 137; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110, 116, *cert denied* 469 US 1037).

Unlike the second cause of action, the first and third causes of action do not present controversies which require consideration of religious doctrine, and the disputes involved therein can be settled by the application of neutral principles of law (*see First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., supra* at 119-120, *Avitzur v Avitzur,* 58 NY2d 108, 114, *cert denied* 464 US 817; *see also Jones v Wolf,* 443 US 595, 602; *Presbyterian Church v Mary Elizabeth Blue Hull Church,* 393 US 440, 449).

The Supreme Court correctly determined that the plaintiff's first and third causes of action were time barred. Assuming, without deciding, that the first cause of action is predicated upon an enforceable contract, the plaintiff's claim accrued upon

the defendants' modification on June 10, 1993, of the "Godly Judgment" issued by the defendant Orris G. Walker, Jr., the Episcopal Bishop of the Diocese of Long Island. The fact that the damages sustained by the plaintiff, that is, the loss, inter alia, of salary and pension benefits, did not materialize until resolution of the matters raised in the criminal indictment which had been filed against him (*see Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402), does not compel a different result. At the very latest, this claim accrued on December 16, 1993, when the plaintiff was deposed as a priest of the Episcopal Church pursuant to the Canons of the Episcopal Church. Measured from either date, the plaintiff's first cause of action is clearly time barred (*see* CPLR 213 [2]).

Similarly, the third cause of action to recover damages for intentional tort is barred by the one-year statute of limitations (*see* CPLR 215 [3]). All of the acts alleged by the plaintiff in support of this cause of action occurred more than one year before the complaint was filed.

The plaintiff's remaining contention lacks merit. Altman, J.P., McGinity, Townes and Crane, JJ., concur.