■ In the Matter of Louis Ford, Appellant, v New York City Employees' Retirement System, Respondent. [839 NYS2d 126]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the respondent New York City Employees' Retirement System dated May 13, 2004, which denied the petitioner's application for accident disability retirement benefits, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated April 18, 2006, which denied his petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

We affirm the dismissal of the CPLR article 78 proceeding on a different ground than that articulated by the Supreme Court. The proceeding should have been dismissed because it was barred by the four-month statute of limitations pursuant to CPLR article 78 (*see* CPLR 217 [1]). Such a proceeding must be commenced within four months from the time the determination being challenged becomes final and binding (*see Matter of*

*De Milio v Borghard*, 55 NY2d 216, 219-220 [1982]). A determination becomes final and binding when it has an impact on the petitioner, in this case, when the petitioner was notified of the determination (*see Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]).

The petitioner is challenging the determination by the Board of Trustees of the New York City Employees' Retirement System (hereinafter NYCERS) dated May 13, 2004, which denied his application for accident disability retirement benefits. The petitioner commenced this CPLR article 78 proceeding on December 11, 2005, more than four months after the date of the determination. By letter dated May 14, 2004, the petitioner had been notified that his application for disability retirement benefits was denied. There is no question that the petitioner received this letter in a timely fashion since he did not dispute that he received the letter, nor did he address the issue of the untimeliness of his CPLR article 78 petition. Accordingly, the proceeding should have been dismissed as time-barred.

The petitioner's remaining contentions need not be reached in light of this determination. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.