■ RAYMOND GARRIGAN, Respondent-Appellant, v INCORPORATED VILLAGE OF MALVERNE et al., Appellants-Respondents. [874 NYS2d 503]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered August 3, 2007, as denied those branches of their motion pursuant to CPLR 4404 which were to set aside so much of a jury verdict as found that the plaintiff was entitled to recover for unused vaca-

tion, sick, and terminal leave that accrued from August 2, 1999 through November 27, 2001, pursuant to General Municipal Law § 207-m and for unused vacation, sick, and terminal leave that accrued pursuant to a contract between the Police Benevolent Association, of which the plaintiff was a member, and the defendant Incorporated Village of Malverne, between April 1957 and June 1, 1973, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside so much of the jury verdict as found that he was entitled to recover for unused vacation, sick, and terminal leave that accrued during his tenure as Chief of Police of the defendant Incorporated Village of Malverne from June 1, 1973 to November 27, 2001, pursuant to either General Municipal Law § 207-m or the contract between the Police Benevolent Association and the defendant Incorporated Village of Malverne, as modified by the 1972 oral agreement between the plaintiff and the Mayor of the defendant Incorporated Village of Malverne.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside so much of the jury verdict as found that the plaintiff was entitled to recover for unused vacation, sick, and terminal leave that accrued from August 2, 1999 to November 27, 2001, pursuant to General Municipal Law § 207-m, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

In April 1957 the plaintiff began employment as a police officer with the defendant Incorporated Village of Malverne. Pursuant to a contract between the Police Benevolent Association (hereinafter the PBA), of which the plaintiff was a member, and the Village (hereinafter the PBA contract), the plaintiff was provided benefits including, upon termination from employment, payment for unused vacation, sick, and terminal leave. Pursuant to a resolution of the Village Board of the Incorporated Village of Malverne (hereinafter the Village Board) effective June 1, 1973, the plaintiff was appointed Chief of Police of the Village. Although the plaintiff remained a PBA member during his tenure as Chief of Police, the PBA contract specifically excluded the plaintiff, as Chief of Police, from coverage under the contract.

The plaintiff contends that in 1972, prior to his appointment as Chief of Police, he and the then-Village Mayor orally agreed

that the terms of his employment as Chief of Police would mirror the terms set forth in the PBA contract. However, it is undisputed that such agreement was never reduced to writing, and that the Village Board never adopted a resolution conforming to the alleged oral agreement.

In November 2001 the plaintiff applied for retirement, requesting payment from the Village for 51³/₄ days of unused vacation, 874.5 days of unused sick leave, and 223.5 days of terminal leave. On November 27, 2001 the plaintiff retired. After the Village failed to honor the plaintiff's request for payment for the unused vacation, sick, and terminal leave, the plaintiff commenced this action in March 2002 against the Village and the members of the Village Board (hereinafter together the defendants), asserting causes of action, inter alia, alleging breach of contract. After joinder of issue, the defendants moved to dismiss the complaint pursuant to CPLR 3211 and 3212. The Supreme Court denied the motion, and this Court affirmed that determination in two separate orders (see *Garrigan v Incorporated Vil. of Malverne,* 12 AD3d 400 [2004] [*Garrigan 1*]; *Garrigan v Incorporated Vil. of Malverne,* 12 AD3d 400 [2004] [*Garrigan 2*]).

In November 2006 a jury trial was held on the matter. A single question was placed before the jury: "Was there a 1972 agreement between plaintiff Raymond Garrigan and the defendants for plaintiff to continue to receive and accumulate PBA union benefits while he was Chief of Police of [the Village]?" The jury answered in the affirmative.

The defendants then moved pursuant to CPLR 4404 to set aside the jury verdict or alternatively, for a new trial. The Supreme Court granted the motion in part by setting aside that part of the verdict which, in effect, found that the plaintiff was entitled to recover unused benefits that allegedly accrued since becoming Chief of Police. The Supreme Court reasoned that to the extent the plaintiff's recovery of such unused benefits was based on the 1972 oral contract, the plaintiff could not recover because an oral agreement was "insufficient contractual authority." The court denied the motion in part, finding that to the extent the plaintiff's recovery of such unused benefits was based on General Municipal Law § 207-m, his recovery was limited to the period from August 2, 1999, the effective date of an amendment of that statute allowing payment for "other compensation," and November 27, 2001, the plaintiff's retirement date. In sum, in the order appealed from, the court held that the plaintiff was entitled to recover for unused vacation, sick, and terminal leave (1) under the PBA contract from April 1957 until

his June 1, 1973 appointment as Chief of Police, and (2) under General Municipal Law § 207-m for the period from August 2, 1999 through his November 27, 2001 retirement. We modify. The plaintiff was not entitled to recover for unused vacation, sick, and terminal leave that accrued from August 2, 1999 through November 27, 2001 pursuant to General Municipal Law § 207-m. The matter should be remitted to the Supreme Court, Nassau County, for further proceedings to determine the recovery to which the plaintiff is entitled, if any, for unused vacation, sick, and terminal leave that accrued during his tenure as a police officer with the Village from April 1957 until his June 1, 1973 appointment as Chief of Police.

The Supreme Court erred in permitting the plaintiff to recover, pursuant to General Municipal Law § 207-m, for unused vacation, sick, and terminal leave that accrued between August 2, 1999 and November 27, 2001. The plaintiff presented no evidence at trial showing that the member of a bargaining unit below him received an increase in salary or other compensation that he did not receive, which is a condition precedent to recovery under the statute (*see* General Municipal Law § 207-m [1]).

Contrary to the defendants' contention, this action is not time-barred based upon the four-month statute of limitations governing proceedings pursuant to CPLR article 78. In one of the prior appeals in this action, we held that the plaintiff properly brought this action as one sounding in breach of contract, rather than as a CPLR article 78 proceeding (*see Garrigan 1*). In any event, even if the four-month statute of limitations governing CPLR article 78 proceedings applied, it never began to run since the Village Board did not specifically reject the plaintiff's November 2001 request for his unused vacation, sick, and terminal leave (*see* CPLR 217 [1]; *cf. Matter of Ford v New York City Employees' Retirement Sys.,* 41 AD3d 715 [2007]).

Also in one of the prior appeals of this matter, we held there was a triable issue of fact as to whether the alleged 1972 oral contract existed (*see Garrigan 2*). Contrary to the defendants' contention, we are not bound by the law of the case doctrine, as a result of *Garrigan 2,* to find that the oral contract was sufficient to permit the plaintiff's recovery (*see Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay,* 21 AD3d 964, 966 [2005]; *Gay v Farella,* 5 AD3d 540 [2004]; *cf. Martin v City of Cohoes,* 37 NY2d 162, 165 [1975]; *Abbas v Cole,* 44 AD3d 31, 37 [2007]). Even accepting the jury's determination that such oral contract existed, such contract was insufficient to support the plaintiff's claims since, absent a resolu-

tion from the Village Board reducing the oral contract to writing, the Village cannot be bound (*see Romanoff v Village of Scarsdale,* 50 AD3d 763, 765 [2008]; *Verifacts Group v Town of Babylon,* 267 AD2d 379 [1999]).

By noting in one of the prior appeals that the Supreme Court had properly declined to dismiss the plaintiff's cause of action to recover damages for breach of contract (*see Garrigan 1*), we implicitly rejected the defendants' contention that such cause of action was time-barred. On this appeal, we explicitly reject the defendants' contention that the breach of contract causes of action are time-barred because the plaintiff did not commence this action within six years after his June 1, 1973 appointment as Chief of Police. The record does not support a determination that the plaintiff's June 1, 1973 appointment constituted a "termination" of his employment under the PBA contract, and thus the statute of limitations for his breach of contract cause of action predicated on the PBA contract never accrued (*see* CPLR 213 [2]; *cf. Sam v Church of St. Mark,* 293 AD2d 663, 664-665 [2002]). Since the plaintiff's breach of contract cause of action based on the PBA contract was therefore timely, we remit the matter to the Supreme Court, Nassau County, for a determination of what recovery for unused vacation, sick, and terminal leave, if any, the plaintiff may be entitled to under the PBA contract during his tenure as a police officer for the Village from April 1957 until June 1, 1973. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.