██ In the Matter of MARTIN M. FILLER, Respondent, v NEW YORK CITY WATER BOARD et al., Appellants. [997 NYS2d 325]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York City Water Board dated August 31, 2006, which confirmed a decision of the New York City Department of Environmental Protection dated April 28, 2006, denying an application to reduce certain water and wastewater charges, the New York City Water Board, New York City Department of Finance, and New York City Department of Environmental Protection appeal from a judgment of the Supreme Court, Richmond County (Marrazzo, Jr., J.), dated November 23, 2012, which granted the petition and annulled the determination. The appeal brings up for review an order of the same court (Fusco, J.) dated June 3, 2010, which denied the motion of the New York City Water Board, New York City Department of Finance, and New York City Department of Environmental Protection to dismiss the proceeding as time-barred (*see* CPLR 5501 [a] [1]).

Ordered that the judgment is reversed, on the law, with costs, the petition is denied as time-barred, and the proceeding is dismissed.

The proceeding should have been dismissed as barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]). The appellants made a prima facie showing that the petitioner was notified by letter dated August 31, 2006, that his request for a reduction in water and wastewater charges was denied, and that he failed to commence this proceeding until April 20, 2009 (*see Dormer v Suffolk County Police Benevolent Assn., Inc.*, 95 AD3d 1166 [2012]). In response, the petitioner offered only "vague and equivocal factual assertions" which did not constitute an effective denial of receipt of the August 31, 2006, letter (*Wells Fargo Bank, N.A. v Muskopf,* 44 Misc 3d 1223[A], 2014 NY Slip Op 51274[U], *6 [Sup Ct, Suffolk County 2014]). Consequently, the petition should have been dismissed as untimely (*see Matter of Ford v New York City Employees' Retirement Sys.*, 41 AD3d 715 [2007]; *Matter of Miller v McGough*, 97 AD2d 416 [1983]).

In light of our determination, we need not address the merits of the petition. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.