New Hope Christian Church, Inc. v Parks (2025 NY Slip Op 01226)

New Hope Christian Church, Inc. v Parks

2025 NY Slip Op 01226

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-05682
 (Index No. 33078/19)

[*1]New Hope Christian Church, Inc., et al., appellants,
v
Rachel Parks, et al., respondents.

Law Office of Thomas V. Sassone, P.C., New City, NY (Alvin L. Spitzer of counsel), for appellants.
Savad Churgin, Nanuet, NY (Susan Cooper and Donna Sobel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated June 22, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2020, New Hope Christian Church, Inc., a New York religious corporation (hereinafter the Church), and Glen Mapes, as purported trustee of the Church, commenced the instant action against several former members, trustees, and officers of the Church and the former pastor of the Church, among other things, for declaratory and injunctive relief. In both this action and in New Hope Christian Church, Inc. v Parks, another action commenced by, among others, Mapes, allegedly on behalf of the Church (see _____ AD3d _____ [Appellate Division Docket No. 2021-01993; decided herewith]), the plaintiffs allege, inter alia, that in 2016, at the instigation of, among others, the defendant Phillip Dennis, the Church's former pastor, nonparty Metropolitan New York Presbytery improperly established a temporary session to govern the Church.
The defendants in this action interposed an answer, asserting a counterclaim and several affirmative defenses, including lack of standing. The defendants thereafter moved, among other things, pursuant to CPLR 3211(a)(3) to dismiss the complaint, contending, inter alia, that Mapes lacked standing to commence an action on behalf of the Church because he was neither a member nor a trustee of the Church and the board of trustees had not authorized the action. The Supreme Court granted the defendants' motion on the ground of lack of standing. The plaintiffs appeal. We affirm, albeit for a different reason.
As a threshold matter, although not expressly raised by the parties in this appeal, we address the question whether the plaintiffs' claims are justiciable (see Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17; Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 59; Sam v Church of St. Mark, 293 AD2d 663, 664). For the reasons set forth in the related appeal, we hold that they are not (see New Hope Christian Church, Inc. v Parks, _____ AD3d _____ [Appellate Division Docket No. 2021-01993; decided herewith]).
In light of our determination, we do not reach any other issue.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court