■ SUZANNA B. DIAMADOPOLIS, Respondent, v GEORGE BALFOUR, Appellant, et al., Defendants.—In a dental malpractice action to recover damages for personal injuries, the defendant George Balfour appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated December 10, 1987, which denied his motion to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against George Balfour, and the action against the remaining defendants is severed.

This action sounding in dental malpractice was commenced in January 1985 against four dental partners operating under the trade name Dental Care of Rockland by delivering a copy of the summons and verified complaint to a secretary at the office of the defendant George Balfour, a member of the partnership. The affidavit of the process server indicated that he had served "George Balfour—Dental Care of Rockland" as a domestic corporation by delivering a copy of the summons and verified complaint to an individual who was authorized to accept service on behalf of the corporation. The method of service adopted was improper because Dr. Balfour was not a

corporation (CPLR 308 [2]). Dr. Balfour moved to dismiss the complaint for lack of personal jurisdiction due to the improper service of process (CPLR 3211 [a] [8]). In response, the plaintiff did not dispute that an improper method of service had been employed. Rather, she claimed that the affirmative defense had been waived by Dr. Balfour's failure to raise it in his answer. The Supreme Court held that service of an answer on behalf of Dr. Balfour without asserting an objection to personal jurisdiction was equivalent to personal service of process upon him. This appeal ensued. We reverse.

The facts pertinent to the question of waiver are that on February 15, 1985, an answer was served by an attorney Nathan Cyperstein allegedly on behalf of Dr. Balfour and the defendant Dr. Mitchell Mayers (not a party to this appeal). The answer did not raise the affirmative defense of lack of personal jurisdiction. By letter dated February 27, 1985 the law firm of Meiselman, Farber, Stella & Eberz, P. C. (hereinafter the Meiselman firm), acting on behalf of Dr. Balfour, forwarded to the plaintiff's counsel a copy of a stipulation extending Dr. Balfour's time to answer. Counsel for the plaintiff signed the stipulation, thereby agreeing to extend Dr. Balfour's time to answer to March 13, 1985. Pursuant to the stipulation, the Meiselman firm served an answer dated March 13, 1985, on behalf of Dr. Balfour in which the affirmative defense of lack of personal jurisdiction was asserted. The Meiselman firm sought discovery from the plaintiff and succeeded in obtaining a preclusion order which, on or about July 16, 1985, was served upon the plaintiff's counsel with notice of entry. The plaintiff's counsel dealt with the Meiselman firm without objection throughout the initial discovery proceedings. No conflict as to the identity of Dr. Balfour's legal representative appears in the record until the plaintiff, in connection with her compliance with discovery demands pursuant to the preclusion order, sought clarification of Dr. Balfour's representation. In response, the Meiselman firm denied any knowledge of an appearance made in the action by Nathan Cyperstein and stated unequivocally that it was the only authorized representative of Dr. Balfour. By letter dated December 2, 1985, Nathan Cyperstein notified the plaintiff's attorney that he had submitted an answer on behalf of Drs. Balfour and Mayers simply to prevent entry of a default judgment and he was withdrawing his appearance and answer on their behalf as "clearly inadvertent and at best superfluous".

There was no further dispute as to Dr. Balfour's attorney until the motion to dismiss was made in September 1987. In

opposing the motion to dismiss the complaint, the plaintiff maintained that as a consequence of his failure to comply with the formal requirements of CPLR 321 (b) (1) governing the substitution of counsel, Dr. Balfour should be bound by the answer submitted by Nathan Cyperstein. The Supreme Court agreed and on that basis denied the motion.

Under the circumstances of this case, Dr. Balfour's technical failure to comply with the formal requisites for substitution of counsel under CPLR 321 (b) should not nullify the actions taken by the Meiselman firm. Other than service of the answer, the record is barren of any evidence that Dr. Balfour had retained Nathan Cyperstein to represent him in this matter. Furthermore, the record demonstrates that practically from the very onset of this litigation the plaintiff's counsel had dealt with the Meiselman firm as Dr. Balfour's attorneys and had engaged in motion practice and various written communications with them. Thus, the plaintiff may not argue that nullifying the actions of the Meiselman firm is necessary to serve one of the salutary purposes of CPLR 321, i.e., to protect adverse parties (see, *Moustakas v Bouloukos,* 112 AD2d 981, 983-984). Therefore, on these facts, despite the failure of Dr. Balfour to file a duly executed substitution of counsel, the action of the Meiselman firm in serving an answer on behalf of Dr. Balfour is not a nullity (see, *Imor v Imor,* 119 AD2d 913; *Juers v Barry,* 114 AD2d 1009; *Deacon's Bench v Hoffman,* 88 AD2d 734). Accordingly, we treat the answer served by the Meiselman firm as an amended answer served as of right and the jurisdictional defense asserted therein to be properly preserved (CPLR 3025 [a]; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:62, at 66). We further note that the plaintiff's retention of the amended answer without objection on this or any other basis for a period of over two years must be deemed a waiver of her right to dispute its propriety (see, CPLR 2101 [f]; *Minogue v Monette,* 138 AD2d 851; *County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890). Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.