■ DONALD CHIULLI, Individually and Doing Business as DONALD CHIULLI, GENERAL CONTRACTOR, Appellant, v MARILYN COYNE, Individually and Doing Business as MODULAR HOME BUILDERS AND BOMAR HOMES, INC., et al., Respondents. [620 NYS2d 998] —In an action by a general contractor to recover for work, labor, materials, and services performed, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered March 17, 1993, which (1) granted the defendants' motion to vacate a judgment of the same court, entered December 2, 1991, upon their default in answering, and to dismiss the amended complaint as abandoned under CPLR 3215 (c), and (2) denied the plaintiff's motion for an order pursuant to CPLR article 52 to direct the sale of the defendants' real property.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the amended complaint, and substituting therefor a provision denying that branch of the motion and reinstating the complaint; as so modified, the order is affirmed, without costs or disbursements.

Although the plaintiff served his amended complaint without leave from the Supreme Court, beyond the time within which an amendment could have been made as of right *(see,* CPLR 3025), the defendants waived any objection to those pleadings on that basis by failing to reject them *(see, Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678). The record demonstrates that the defendants accepted the amended complaint and even attempted to interpose an an-

swer, although it was untimely *(see, Lampman v Cairo Cent. School Dist.,* 47 AD2d 794).

Furthermore, since the plaintiff attempted to obtain a default judgment within one year from the time the defendants were obligated to respond to the amended complaint, the court erred in dismissing the amended complaint as abandoned *(see,* CPLR 3215 [c]; *see generally, Lovisa Constr. Co. v Facilities Dev. Corp.,* 148 AD2d 913).

Finally, the court did not improvidently exercise its discretion in vacating the default judgment, since the plaintiff's affidavit of additional notice submitted in support of his application for a default judgment was not in the form required by CPLR 3215 (g) (3) (i) *(see, Tsiporin v Ziegel,* 203 AD2d 451). Bracken J. P., Balletta, Friedmann and Krausman, JJ., concur.