◼ JULIE GONZALEZ, Respondent, v DAVID GONZALEZ, Appellant. [659 NYS2d 499] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated May 21, 1996, which (1) denied the defendant's motion to reject the report of a Judicial Hearing Officer (Gartenstein, J.H.O.), dated February 15, 1996, which determined that the action should be dismissed sua sponte pursuant to CPLR 3215 (c) and granted the plaintiff's cross motion to confirm the report, and (2) dismissed the action.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to reject the report of the Judicial Hearing Officer is granted, the plaintiff's cross motion to confirm the report is denied, the action is reinstated, and the matter is remitted to the Supreme Court, Queens County, to be tried forthwith.

In February 1982 the plaintiff commenced an action for a divorce and ancillary relief in Queens County by service of a summons and complaint upon the defendant. In April 1982 the defendant, by his attorney, served a notice of appearance but did not answer. In October 1982 the parties signed a separation agreement, but there is a dispute as to whether the defendant's signature was properly notarized. There is also a dispute as to whether the parties reconciled in 1984 and resided together until 1989. In August 1991 the plaintiff commenced a second action for divorce in Bronx County. In November 1993 the defendant served an answer and counterclaim for divorce in the 1982 Queens action. On or about November 14, 1995, the defendant served upon the plaintiff and filed a note of issue

and certificate of readiness placing the 1982 action on the trial calendar. The 1982 action was placed on the Judicial Hearing Officer (hereinafter J.H.O.) calendar for February 7, 1996, on which date the J.H.O. informed the parties that he would write a report on the issue of whether the action should be dismissed *sua sponte* pursuant to CPLR 3215 (c). In a report dated February 15, 1996, the J.H.O. recommended dismissing the action. In the order appealed from, the Supreme Court confirmed the J.H.O.'s report and dismissed the action. We reverse.

CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action". Here, the plaintiff's acceptance of the answer and counterclaim constituted a waiver of the late service and the default *(see, First Wis. Trust Co. v Hakimian,* 237 AD2d 249; *Chiulli v Coyne,* 210 AD2d 450; *Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678). Thus, the Supreme Court erred in dismissing the 1982 action pursuant to 3215 (c) *(see, Myers v Slutsky,* 139 AD2d 709).

Apparently the parties are litigating this appeal under the belief that the viability or demise of the first action will dictate the valuation dates of marital property for equitable distribution purposes. The husband would have the first action deemed viable so that it would mark a 1982 valuation date, while the wife, urging dismissal of the first action, would value the assets as of the date of the second action, which was commenced in 1991. Our determination that the first action is viable and is to be tried forthwith does not decide the issue of which valuation date should be applied for equitable distribution purposes.

Domestic Relations Law § 236 (B) (1) (c) defines "marital property" as "all property acquired by either or both spouses during the marriage and before * * * the commencement of a matrimonial action". It is well settled that "the trial courts possess the discretion to select valuation dates for the parties' marital assets which are appropriate and fair under the particular * * * circumstances" *(Cohn v Cohn,* 155 AD2d 412, 413; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534). Here, in considering what valuation date should be applied, the trial court must determine whether after the commencement of the 1982 action the parties reconciled and continued to receive the benefits of the marital relationship *(see, Thomas v Thomas,* 221

AD2d 621; *Marcus v Marcus,* 137 AD2d 131). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.