■ KATHY A. BARBAGALLO et al., Respondents, v NATIONWISE EXTERMINATING & DEODORIZING, INC., Appellant. [688 NYS2d 246] —In an action to recover damages for personal injuries, etc., caused by the appellant's alleged negligent use of pesticides, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 18, 1998, which denied its motion, *inter alia,* for leave to vacate a judg-

ment entered against it, after an inquest, upon its default in appearing at a preliminary conference.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A motion for leave to vacate a judgment entered upon a default may be granted if the movant establishes that its default was excusable and that it has a meritorious defense to the action (*see, Grutman v Southgate at Bar Harbor Home Owners' Assn.,* 207 AD2d 526; CPLR 2005, 5015 [a]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court" (*Grutman v Southgate at Bar Harbor Home Owners' Assn., supra,* at 527; *see, 38 Holding Corp. v City of New York,* 179 AD2d 486). Here, the defendant, Nationwise Exterminating & Deodorizing, Inc. (hereinafter Nationwise), was located in Dobbs Ferry, New York, from November 1, 1985, until on or about June 1, 1994, at which time it was dissolved by a corporate resolution. Nationwise asserts that thereafter any mail sent to the Dobbs Ferry address was not received by it and was returned to the post office. Nevertheless, Nationwise does not deny that it was served with the summons and complaint by service upon the Secretary of State in October of 1994, and interposed an answer dated November 11, 1994, which referred to its address in Dobbs Ferry and did not mention the corporate resolution.

By letter dated January 15, 1996, sent to the Dobbs Ferry address, the insurance carrier for Nationwise notified Nationwise that it was no longer providing coverage. As a result of this disclaimer of coverage, by letter dated March 28, 1996, which was also sent to the Dobbs Ferry address, the law firm representing Nationwise notified Nationwise that it was withdrawing from the case. By order of the Supreme Court, Westchester County, entered August 13, 1996, the law firm was discharged as attorney of record for Nationwise, and Nationwise was directed to appear by new counsel no later than September 30, 1996, and to appear at a preliminary conference on October 30, 1996. This order was sent to the Dobbs Ferry address. However, Nationwise did not appear for this conference and the plaintiffs moved for leave to enter a judgment. Under these circumstances, Nationwise cannot claim that its default was excusable on the theory that it failed to receive notice or mistakenly believed that it continued to be represented by counsel. Instead, Nationwise knew of the lawsuit, yet never provided its attorneys, insurance carrier, the Secretary of State, or the court with any other address at which Nationwise or its agents could receive mail.

Moreover, the allegations by Nationwise that it has a meritorious defense to this action to recover damages caused by its alleged negligent use of pesticides in a school is belied by the record. Nationwise contends that it cannot be held liable because the injured plaintiffs were not exposed to toxic levels of the pesticides. However, the affidavits upon which it relies are based upon tests which were conducted days after the pesticides were utilized in the school, and after the school had been cleaned.

Since Nationwise did not adequately establish a reasonable excuse for its default and a meritorious defense to the action, the Supreme Court did not improvidently exercise its discretion in denying the motion to vacate the judgment.

The remaining contentions of Nationwise lack merit. Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.