■ JOSEPH LIGOTTI, Also Known as GIUSEPPE LIGOTTI, Respondent, v CHARLES WILSON, Appellant. [731 NYS2d 473] —In an

action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Rosenberg, J.), dated June 12, 2000, which granted the plaintiff's motion, in effect, for leave to enter a judgment against him upon his failure to answer the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion is denied.

On December 9, 1998, the plaintiff served the defendant with a verified complaint alleging that he had suffered personal injuries as a result of the defendant's negligence. The defendant failed to answer the complaint. In May 1999 the plaintiff attempted to schedule an inquest to determine the amount of damages he suffered. The Supreme Court rejected the plaintiff's request, however, the plaintiff served the defendant with a copy of the notice of inquest. Thereafter, in June 1999 the defendant served the plaintiff with an unverified answer, notifying him in a separate letter that verification would follow, and requesting that the plaintiff advise him of any objections. The plaintiff failed to object to the answer. Five months later, however, the plaintiff moved, in effect, for leave to enter a default judgment against the defendant, and the Supreme Court granted the motion.

We agree with the defendant that the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion. The plaintiff's acceptance of the answer, without objection, constituted a waiver of the late service and default (see, Gonzalez v Gonzalez, 240 AD2d 630, 631; Ruppert v Ruppert, 192 AD2d 925; Diamadopolis v Balfour, 152 AD2d 532, 534). Furthermore, the plaintiff's failure to object with due diligence to the lack of verification, as required pursuant to CPLR 3022, operated as a waiver of that defect (see, CPLR 3022; Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y., 46 NY2d 743, 745; Matter of Liberty Mut. Ins. Co. v Bohl, 262 AD2d 645, 647; Ritangela Constr. Corp. v State of New York, 183 AD2d 817, 819). Accordingly, the Supreme Court should have denied the plaintiff's motion. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.