■ CLAUDIO M. CELLERI, Respondent, v LUIS E. PABON, Appellant. [749 NYS2d 427] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Vaughan, J.), dated March 13, 2002, which denied his motion to compel the plaintiff to accept his late answer, and (2) an order of the same court dated April 24, 2002, which granted the plaintiff's motion for leave to enter judgment on the issue of liability upon the defendant's default in answering, and for an inquest on the issue of damages.

Ordered that the orders are affirmed, with one bill of costs.

The defendant contends that the plaintiff waived the issue of the late service of the answer on the ground that the plaintiff did not object within the statutory time frame (*see* CPLR 2101 [f]; *Ligotti v Wilson,* 287 AD2d 550; *Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678; *Diamadopolis v Balfour,* 152 AD2d 532). However, the defendant failed to submit sufficient

proof to establish a presumption that he served the answer on July 26, 2001 (*see Kihl v Pfeffer,* 94 NY2d 118; *Engel v Lichterman,* 62 NY2d 943, 944-945; *Dixon v Motor Veh. Acc. Indem. Corp.,* 224 AD2d 382, 383; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776, 779), so as to render the plaintiff's August 20, 2001, objection untimely.

Furthermore, the plaintiff submitted proof of service of the summons and the complaint, and an affidavit of the facts constituting the claim (*see* CPLR 3215 [f]). Accordingly, the Supreme Court correctly granted the plaintiff leave to enter judgment on the issue of liability in his favor. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.