Maurice Oparaji, Appellant, v Francis C. Duran et al., Respondents. [795 NYS2d 341]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated May 3, 2004, as granted that branch of the defendants' motion which was to vacate an order of the same court dated October 3, 2003, granting his motion for leave to enter judgment against the defendant Francis C. Duran upon his default in answering and, sua sponte, granting the plaintiff leave to enter a default judgment against the defendant Dolca M. Cosme.

Ordered that the order dated May 3, 2004, is affirmed insofar as appealed from, with costs.

According to the affidavit of service, the defendant Francis C. Duran was served with process pursuant to CPLR 308 (2) on April 17, 2002. The defendant Dolca M. Cosme admittedly was never served with process. Nevertheless, both defendants appeared in this action, inter alia, by service of an answer and discovery demands on July 29, 2002. By notice of motion dated September 11, 2003, the plaintiff moved for leave to enter a default judgment against Duran alleging that he failed to timely answer the complaint. By order dated October 3, 2003, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against Duran and, sua sponte, granted the plaintiff leave to enter judgment against Cosme. By notice of motion dated April 1, 2004, the defendants moved, inter alia, to vacate the order dated October 3, 2003. By order dated May 3, 2004, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate the order dated October 3, 2003.

The Supreme Court properly granted the defendants' motion to vacate the order dated October 3, 2003. Because Cosme was never served with process, he did not default in appearing (*see Paracha v County of Nassau*, 228 AD2d 422 [1996]; *Bank of N.Y. v Schwab*, 97 AD2d 450 [1983]; *Marazita v Nelbach*, 91 AD2d 604 [1982]). Furthermore, the plaintiff's acceptance of the

defendants' answer and discovery demands, and his response to those demands constituted a waiver of the late service of the answer and the default by Duran (*see Ligotti v Wilson,* 287 AD2d 550 [2001]; *Gonzalez v Gonzalez,* 240 AD2d 630, 631 [1997]; *Diamadopolis v Balfour,* 152 AD2d 532 [1989]). Accordingly, the plaintiff was not entitled to the entry of a default judgment against either defendant (*see Gonzalez v Gonzalez, supra; Sutter v Rosenbaum,* 166 AD2d 644 [1990]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.