■ DOLICIA COLE, Respondent, v IAN P. YOUNG, Defendant, and DAVID BLACKWOOD et al., Appellants. [814 NYS2d 224]—

In an action to recover damages for personal injuries, the defendants David Blackwood and Joan Johnson appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (M. Garson, J.), dated March 9, 2005, as denied that branch of their motion which was to vacate so much of a judgment of the same court (Archer, J.H.O.), dated June 24, 2002, as was in favor of the plaintiff and against them, entered upon their default, and (2) an order of the same court (Ruditzky, J.), dated October 24, 2005, as, in effect, upon reargument, adhered to that determination.

Ordered that the appeal from the order dated March 9, 2005 is dismissed, as that order was superseded by the order dated October 24, 2005 made, in effect, upon reargument; and it is further,

Ordered that the order dated October 24, 2005 is reversed

insofar as appealed from, on the law, upon reargument, that branch of the appellants' motion which was to vacate so much of the judgment dated June 24, 2002, as was in favor of the plaintiff and against them, entered upon their default is granted, the judgment against the appellants is vacated, the action against the remaining defendant is severed, and the order dated March 9, 2005 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In August 2000 the plaintiff commenced this action against, among others, the defendants David Blackwood and Joan Johnson to recover damages for personal injuries arising from a motor vehicle accident. On June 24, 2002 the plaintiff was awarded a judgment against, among others, the appellants, upon their default in answering or appearing. The Supreme Court denied the appellants' motion to vacate their default and, upon reargument, adhered to that determination.

In support of their motion, the appellants proffered unrebutted evidence that an answer was, in fact, interposed on their behalf by counsel on March 13, 2001, which was never rejected by counsel for the plaintiff as untimely or otherwise (*see* CPLR 2103 [b]; *Matter of ATM One v Landaverde*, 2 NY3d 472 [2004]; *Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Oparaji v Duran*, 18 AD3d 725 [2005]; *Ligotti v Wilson*, 287 AD2d 550 [2001]). All papers served on the appellants after the service of their answer, including those seeking leave to enter a default judgment, should have been served on their counsel, but were not (*see* CPLR 2103 [b]). Thus, vacatur of the default judgment as against the appellants should have been granted.

In light of our determination, we need not consider the appellants' remaining contentions. Miller, J.P., Adams, Ritter and Covello, JJ., concur.