■ STEVEN JORDAN, Respondent, v YAKOV YARDENY, Appellant. [923 NYS2d 358]—In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the defendant appeals from an order of the Supreme Court, Queens County (Agate, J.), entered October 29, 2009, which denied that branch of his motion which was, in effect, for leave to renew his prior motion to vacate a judgment of the same court entered June 7, 2006, upon his default in answering or appearing, which had been denied in an order of the same court dated September 14, 2006.

Ordered that the order is affirmed, with costs.

A motion for leave to renew must be based upon new facts not offered on a prior motion that would change the prior determination, and set forth a reasonable justification for the failure

to present such facts on the prior motion (*see* CPLR 2221 [e]; *Swedish v Beizer*, 51 AD3d 1008, 1010 [2008]). The Supreme Court properly denied that branch of the defendant's motion which was, in effect, for leave to renew his prior motion to vacate the default judgment, as the new facts proffered would not have changed the prior determination (*see* CPLR 2103 [b]; *Cole v Young*, 28 AD3d 702, 703 [2006]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]; *Barbagallo v Nationwise Exterminating & Deodorizing*, 260 AD2d 518, 519 [1999]). Furthermore, the defendant failed to set forth a reasonable justification for the failure to present the new facts on the prior motion. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.