In an action to foreclose a mortgage, the defendant Mortgage Electronic Registration Systems, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated February 15, 2011, as, upon, in effect, granting the motion of Bank of New York-Mellon, as successor in interest to Mortgage Electronic Registration Systems, Inc., in effect, for leave to reargue its opposition to the plaintiffs motion for leave to enter a default judgment against, among others, Mortgage Electronic Registration Systems, Inc., which had been granted in an order dated October 4, 2010, adhered to its original determination. Justice Leventhal has been substituted for former Justice Florio (see 22 NYCRR 670.1 [c]).
Ordered that the order dated February 15, 2011, is reversed *608 insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated October 4, 2010, granting the plaintiffs motion for leave to enter a default judgment against, among others, the defendant Mortgage Electronic Registration Systems, Inc., is vacated, and that branch of the motion is denied.
On April 27, 2007, Nadeem Noormohammed executed an adjustable rate note and mortgage (hereinafter the first mortgage), borrowing $603,500 from Countrywide Home Loans (hereinafter Countrywide) toward the purchase of a property located on Shelby Court in East Northport (hereinafter the Shelby Court property). Approximately one year later, the plaintiff, Samuel I. Glass, loaned a total of $1.68 million to Noormohammed and several other borrowers, which was secured by multiple properties, including the Shelby Court property (hereinafter the second mortgage). The second mortgage provided that it was subject to the first mortgage.
In November 2009, the plaintiff commenced this action to foreclose the second mortgage. Among the defendants named by the plaintiff was Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). MERS allegedly was served with the summons and complaint on December 18, 2009, but failed to answer. On January 7, 2010, MERS, as Countrywide’s nominee, assigned the first mortgage to the Bank of New York-Mellon (hereinafter the BNY). On March 30, 2010, the BNY, as successor in interest to MERS, submitted an answer in the instant action. It asserted as an affirmative defense, among other things, that the second mortgage was subordinate to the first mortgage. The plaintiff did not reject the BNY’s answer.
In the interim, the BNY commenced an action to foreclose the first mortgage, naming the plaintiff as a defendant.
Thereafter, the plaintiff moved for leave to enter a default judgment against, among others, MERS. The BNY opposed that motion, asserting that, as successor in interest to MERS, it had answered the complaint. In an order dated October 4, 2010, the Supreme Court granted the plaintiffs motion.
The BNY, in effect, moved for leave to reargue, contending that the Supreme Court, based on its October 4, 2010, order, had not considered the BNY’s opposition papers. Upon, in effect, granting reargument, the Supreme Court adhered to its original determination. MERS, by its successor in interest, the BNY, now appeals.
As the BNY correctly contends, the plaintiffs retention of its answer without objection constituted a waiver of the late service and the default (see Oparaji v Duran, 18 AD3d 725, 725- *609 726 [2005]; Ligotti v Wilson, 287 AD2d 550, 551 [2001]). Accordingly, the Supreme Court should have denied the plaintiffs motion for leave to enter a default judgment against, among others, MERS, as the BNY’s predecessor in interest. Angiolillo, J.P., Leventhal, Chambers and Hall, JJ., concur.