■ CHRISTINE BOWMAN, Appellant-Respondent, v CASPER BOWMAN, Respondent-Appellant. [14 NYS3d 69]—

Appeal from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), entered April 29, 2014, and appeal and

cross appeal from an amended order of that court entered June 4, 2014. The amended order, insofar as appealed from, upon, in effect, denying the defendant's motion, inter alia, to appoint him as receiver of the marital residence authorized to list the marital residence for sale, and denying the plaintiff's cross motion, inter alia, to appoint her as receiver of the marital residence authorized to list the marital residence for sale, sua sponte, reduced the selling price of the marital residence to $1,100,000, with mandated reductions in the selling price of 5% every 30 days, and directed the parties to enter into a new listing agreement for the sale of the marital residence at the prevailing commission rate of 5% with a different real estate broker. Application by the defendant for leave to withdraw his cross appeal.

Ordered that the appeal from the order entered April 29, 2014, is dismissed, as that order was superseded by the amended order entered June 4, 2014, and is academic in light of our vacatur of the order entered April 29, 2014; and it is further,

Ordered that on the Court's own motion, the notice of appeal from so much of the amended order entered June 4, 2014, as, sua sponte, reduced the selling price of the marital residence to $1,100,000, with mandated reductions in the selling price of 5% every 30 days, and directed the parties to enter into a new listing agreement for the sale of the marital residence at the prevailing commission rate of 5% with a different real estate broker, is deemed an application for leave to appeal from those portions of the amended order, and leave to appeal from those portions of the amended order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the application to withdraw the cross appeal is granted; and it is further,

Ordered that the amended order entered June 4, 2014, is reversed insofar as appealed from, on the law, and the order entered April 29, 2014, is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In or about 2011, the parties separated, and on October 6, 2011, they entered into a stipulation of settlement. At issue on these appeals is the sale of the marital residence. The appraised value of the marital residence in October 2011 was $1,100,000.

The stipulation provided that the marital residence "shall be listed for sale with Coldwell Banker Real Estate. The selling price for the marital home shall be listed at $1,399,000.00

until January 30, 2012. In the event the home does not sell by January 30, 2012, the reduction of the selling price shall be to $1,300,000 if not sold within that month and additional reductions, as the broker suggests, that shall occur subject to the agreement of the parties. After January 30, 2012, in addition to the broker suggesting additional deductions, the parties shall be obligated to accept any bonafide offer from a potential buyer above the fair market value as determined by the court appointed neutral appraiser, to wit: $1.1 million or above." The stipulation of settlement was incorporated but not merged in the parties' judgment of divorce entered February 9, 2012.

The property was listed for sale with Coldwell Banker Real Estate (hereinafter Coldwell Banker) at a price of $1,300,000. On or about July 1, 2013, when the plaintiff sought to re-list the property with Coldwell Banker at a reduced selling price of $1,250,000, the defendant refused to sign the new listing agreement. By order to show cause dated July 12, 2013, the defendant moved for leave to reduce the selling price to $1,200,000 and for the appointment of himself as temporary receiver. The plaintiff cross-moved to adjudicate the defendant in contempt for refusing to sign the listing agreement and for the appointment of herself as receiver.

The Supreme Court, in an amended order entered June 4, 2014, denied those branches of the parties' motion and cross motion which were for the appointment of themselves as receivers, and denied that branch of the plaintiff's motion which was to hold the defendant in contempt. Further, although this relief was not requested by either party, the court, sua sponte, directed that the marital residence be listed with a different named broker at a selling price of $1,100,000, with reductions of the listing price of 5% every 30 days, and with the brokerage commission set at 5%.

"A stipulation of settlement 'is a contract subject to [the] principles of contract interpretation, and a court should interpret the contract in accordance with its plain and ordinary meaning' " (*O'Brien v O'Brien*, 115 AD3d 720, 723 [2014], quoting *Matter of Filosa v Donnelly*, 94 AD3d 760, 760 [2012]). "A court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (*Penavic v Penavic*, 88 AD3d 671, 672 [2011]).

Here, the stipulation specified the real estate broker, Coldwell Banker, and the procedure for reducing the selling price. The procedure imposed by the Supreme Court, which required that the selling price be reduced every 30 days, was

not requested by either party. It is generally improper for a court to grant relief not requested by a party (*see Lyon v Lyon*, 259 AD2d 525 [1999]) on an issue dispositive of the controversy (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 53 [2014]). Further, the relief granted was contrary to the explicit terms of the stipulation (*cf. Metro-Goldwyn-Mayer v Scheider*, 40 NY2d 1069 [1976]). Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.