JPMorgan Chase Bank, N.A. v Degennaro (2018 NY Slip Op 05026)





JPMorgan Chase Bank, N.A. v Degennaro


2018 NY Slip Op 05026


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-05219
2016-05566
 (Index No. 5389/14)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Sergio K. Degennaro, et al., appellants, et al., defendants.


Marschhausen & Fitzpatrick, P.C., Hicksville, NY (Kevin P. Fitzpatrick of counsel), for appellants.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Sergio K. Degennaro, Vincent J. Degennaro, and Maureen Degennaro appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 28, 2016, and (2) an order of the same court entered March 30, 2016. The order entered March 28, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Sergio K. Degennaro, Vincent J. Degennaro, and Maureen Degennaro and for an order of reference, and denied the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them. The order entered March 30, 2016, insofar as appealed from, granted and denied the same relief as the order entered March 28, 2016, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered March 28, 2016, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order entered March 30, 2016; and it is further,
ORDERED that the order entered March 30, 2016, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Sergio K. Degennaro, Vincent J. Degennaro, and Maureen Degennaro and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order entered March 30, 2016, is affirmed insofar as appealed from, without costs or disbursements, and the order entered March 28, 2016, is modified accordingly.
The plaintiff commenced this action to foreclose a mortgage given by the defendants Sergio K. Degennaro, Vincent J. Degennaro, and Maureen Degennaro (hereinafter collectively the defendants) to secure a note. Following service of process, the defendants moved by notice dated June 25, 2014, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(1) and (3) for lack of standing. In an order dated August 13, 2015, the Supreme Court [*2]denied the motion, and the defendants served an answer by mail on August 27, 2015, asserting lack of standing as an affirmative defense.
Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, claiming it had not received an answer. In opposition, the defendants submitted their CPLR 3211(a) motion papers, the order dated August 13, 2015, and their answer, which contained an affirmation of service dated August 27, 2015. The defendants also cross-moved for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
An affidavit of service reflects that Sergio K. Degennaro was personally served with process on June 2, 2014, and thus, his time to answer expired 20 days later (see CPLR 308[1]; 320[1]). Two other affidavits of service indicate that Vincent J. Degennaro and Maureen Degennaro were served by delivering the summons and complaint to an individual of suitable age and discretion at their dwelling place (see CPLR 308[2]), and that the affidavits of service were filed with the Supreme Court on June 23, 2014, such that their time to answer did not begin to run until 10 days later, or July 3, 2014, and expired 30 days later (see CPLR 308[2]; 320[a]; Friedman v Ostreicher, 22 AD3d 798). Although the pre-answer motion to dismiss, made on June 25, 2014, was untimely made by Sergio K. Degennaro by three days, the plaintiff did not reject the motion on that ground and, therefore, waived the brief delay (see Glass v Captain Hulbert House, LLC, 103 AD3d 607; Oparaji v Duran, 18 AD3d 725; Ligotti v Wilson, 287 AD2d 550). Further, the pre-answer motion was timely with respect to Vincent J. Degennaro and Maureen Degennaro.
The time for the defendants to answer was extended until 10 days after service upon them of the order denying their pre-answer motion to dismiss, with notice of entry (see CPLR 3211[f]; De Falco v JRS Confectionary, 118 AD2d 752). The affirmation of service of their counsel attesting that the answer was mailed to the correct address of the plaintiff's attorney on August 27, 2015, created a presumption of proper mailing and of receipt (see Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936; Philippi v Metropolitan Transp. Auth., 16 AD3d 654, 655; Platonov v Sciabarra, 305 AD2d 651). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference (see Khan v Hernandez, 122 AD3d 802).
However, we agree with the Supreme Court's determination to deny the defendants' cross motion for summary judgment dismissing the complaint insofar a asserted against them, since the defendants failed to eliminate all triable issues of fact as to whether the plaintiff was the holder of the note at the time the action was commenced (see Citicorp Mtge. v Adams, 153 AD3d 779). The copy of the note annexed to the complaint is equivocal as to whether the plaintiff was the holder of the note at the time the action was commenced, since the note contains two endorsements, one of which is crossed out with an undated "X."
The parties' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court