Matter of CUCS Hous. Dev. Fund Corp. IV v Aymes (2020 NY Slip Op 02711)





Matter of CUCS Hous. Dev. Fund Corp. IV v Aymes


2020 NY Slip Op 02711


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


159303/18 11471 11470

[*1] In re CUCS Housing Development Fund Corporation IV, et al., Petitioners-Respondents,
v
Clifford S. Aymes, Respondent-Appellant.


Clifford S. Aymes, appellant pro se.
Tuttle Yick LLP, New York (Gregory O. Tuttle of counsel), Henry H. Korn, PLLC, New York (Henry H. Korn of counsel) and Klein Slowik PLLC, New York (Christopher M. Slowik of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about February 27, 2019, which, insofar as appealed from, denied respondent's motion for a default judgment or summary judgment on his counterclaim to enjoin construction on petitioners' property, unanimously affirmed, without costs. Order, same court and Justice, entered August 26, 2019, which denied respondent's motion to vacate an order, same court and Justice, entered July 23, 2019, directing him to allow petitioners access to his property to install overhead protection, and denied his cross motions to dismiss the petition and for summary judgment on his counterclaim to enjoin construction, unanimously affirmed, without costs.
Petitioners commenced this special proceeding pursuant to RPAPL 881 seeking a license to access and protect respondent's property from damage during construction on petitioners' adjoining property. In this instance, where the Department of Buildings rejected respondent's challenge to petitioners' plan and no Article 78 proceeding was filed, we take no position on the merits.
"[A]n action for injunctive relief is the appropriate remedy of an aggrieved property owner who seeks to bar the erection of a structure on adjoining or nearby premises in violation of express zoning regulations" (Lesron Junior v Feinberg, 13 AD2d 90, 95 [1st Dept 1961]; accord Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412 [1987]). Viewed in this light, respondent was not entitled to dismissal of the petition or summary judgment on his counterclaim to enjoin construction. Respondent's motions and arguments were repetitive of his previous summary judgment motions (Brown Harris Stevens Westhampton LLC v Gerber, 107 AD3d 526, 527 [1st Dept 2013]).
Additionally, Supreme Court providently exercised its discretion in denying respondent's motion for a default judgment. He waived any objection to the timeliness of petitioners' reply by failing to object thereto within 15 days (CPLR 2101[f]; Ligotti v Wilson, 287 AD2d 550, 551 [2d Dept 2001]). Moreover, petitioners demonstrated a justifiable excuse for default in that it was not necessarily clear that respondent's pro se "addendum" to his answer with counterclaims constituted a counterclaim, as well as a potentially meritorious defense (New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465-466 [1st Dept 2012]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK