U.S. Bank N.A. v Lopez (2021 NY Slip Op 01440)





U.S. Bank N.A. v Lopez


2021 NY Slip Op 01440


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-03928
 (Index No. 715910/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Alfonso Lopez, appellant, et al., defendants.


Kupillas, Unger & Benjamin, LLP, New York, NY (Jeffrey Benjamin of counsel), for appellant.
Gross Polowy, LLC (McCalla Raymer Leibert Pierce, LLC, New York, NY [Daniel S. LoPresti], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfonso Lopez appeals from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), entered January 3, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and denied those branches of that defendant's cross motion which were pursuant to CPLR 2101(f) to deem the plaintiff's notice of rejection of his late answer untimely and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Alfonso Lopez and for an order of reference are denied, and those branches of the cross motion of the defendant Alfonso Lopez which were pursuant to CPLR 2101(f) to deem the plaintiff's notice of rejection of his late answer untimely and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer are granted.
On November 15, 2017, the plaintiff commenced this action against the defendant Alfonso Lopez (hereinafter the defendant), among others, to foreclose a mortgage on residential property in College Point. The defendant failed to timely appear or answer the complaint. After foreclosure settlement conferences pursuant to CPLR 3408 were held, the case was released from the Residential Foreclosure Part on March 23, 2018. On April 30, 2018, the defendant served an answer with counterclaims. Seventeen days later, on May 17, 2018, the plaintiff served a notice of rejection in which it rejected the answer as untimely. Thereafter, in June 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant cross-moved, among other things, pursuant to CPLR 2101(f) to deem the plaintiff's notice of rejection of his answer to be untimely and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. In an order entered January 3, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant appeals.
Pursuant to CPLR 2101(f), "[t]he party on whom a paper is served shall be deemed [*2]to have waived objection to any defect in form unless, within fifteen days after the receipt thereof, the party on whom the paper is served returns the paper to the party serving it with a statement of particular objections" (see Perez-Faringer v Heilman, 95 AD3d 853, 853-854; Celleri v Pabon, 299 AD2d 385). Here, the plaintiff's undisputed failure to reject the defendant's answer within the fifteen-day statutory time frame constituted a waiver of the late service and the default (see Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608-609).
In view of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and should have granted those branches of the defendant's cross motion which were pursuant to CPLR 2101(f) to deem the plaintiff's notice of rejection of his late answer to be untimely and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court