Lyles v County of Nassau (2023 NY Slip Op 00994)

Lyles v County of Nassau

2023 NY Slip Op 00994

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-05073
 (Index No. 191/19)

[*1]David Lyles, appellant,
v
County of Nassau, respondent.

David Lyles, Beacon, NY, appellant pro se.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated January 2, 2020. The order denied the plaintiff's motion for leave to enter a default judgment and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On February 21, 2019, the plaintiff commenced this action, inter alia, to recover damages for negligence against the defendant, the County of Nassau. The plaintiff alleged in the complaint that in March 2009, the Public Administrator of Nassau County (hereinafter the administrator) had been appointed limited administrator of his deceased mother's estate, and that he was the sole beneficiary or distributee of his mother's estate. The plaintiff asserted that in September 2010, a stipulation of settlement was executed settling the account of his mother's estate, and that a decree judicially settling the account of the administrator had subsequently been issued. The plaintiff alleged that in 2014 he became aware that the administrator had negligently failed to locate and distribute certain unclaimed funds of his mother's estate. The plaintiff sought to recover as damages the funds which the administrator had distributed for the administrator's accounting and legal fees, and the administrator's commissions, together with interest.
On March 15, 2019, the plaintiff served a copy of the summons and complaint on the County. On May 28, 2019, the County served an answer, denying all allegations and asserting several affirmative defenses, including, inter alia, the statute of limitations. The answer was filed on May 31, 2019. The plaintiff did not reject the County's answer. In October 2019, the plaintiff filed a motion for leave to enter a default judgment pursuant to CPLR 3215. The County opposed the plaintiff's motion, and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint as barred by the statute of limitations. By order dated January 2, 2020, the Supreme Court denied the plaintiff's motion and granted the County's cross-motion. The plaintiff appeals.
The Supreme Court correctly determined, in effect, that the plaintiff's retention of the County's answer without objection constituted a waiver of the late service and the default (see Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608; Oparaji v Duran, 18 AD3d 725, 725-726).
Moreover, the Supreme Court also properly determined that the plaintiff's claims were time-barred. A defendant who seeks dismissal of a cause of action pursuant to CPLR [*2]3211(a)(5) "on the ground that it is barred by the statute of limitations bears the initial burden of [demonstrating], prima facie, that the time in which to commence [the] action has expired" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Campone v Panos, 142 AD3d at 1127 [internal quotation marks omitted]; see Petito v Roberts, 113 AD3d 743, 744).
The statute of limitations applicable to the plaintiff's claims is one year and ninety days (see General Municipal Law § 50-i; Carbonaro v Town of N. Hempstead, 107 AD3d 839, 839-840; Harrington v County of Suffolk, 102 AD3d 923, 924). The plaintiff alleged that in 2010 a stipulation of settlement was executed settling the account of his mother's estate, and that a decree judicially settling the account of the administrator was thereafter issued. The plaintiff admits that he became aware of the administrator's alleged negligence in 2014, when he reviewed documents pertaining to the Surrogate's Court proceeding. This action was not commenced until February 2019. Thus, the County established, prima facie, that the time in which to commence the instant action expired prior to commencement of this action. In opposition, the plaintiff failed to raise a question of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment and granted the defendant's cross-motion to dismiss the complaint.
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court