Globalized Realty Group, LLC v Crossroad Realty NY, LLC (2025 NY Slip Op 03797)

Globalized Realty Group, LLC v Crossroad Realty NY, LLC

2025 NY Slip Op 03797

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-03848
 (Index No. 614664/20)

[*1]Globalized Realty Group, LLC, respondent,
v
Crossroad Realty NY, LLC, et al., appellants.

Bruce H. Kaplan, Hauppauge, NY, appellant pro se and for appellants Crossroad Realty NY, LLC, and Russell Furia.
Paladino Law Group, P.C., Westbury, NY (Anthony Iadevaia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property and to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered March 1, 2023. The judgment, upon a ruling of the same court made on May 2, 2022, rejecting an answer of the defendants Crossroad Realty NY, LLC, and Russell Furia, and upon a decision of the same court dated February 8, 2023, made after a hearing, is in favor of the plaintiff and against the defendants Crossroad Realty NY, LLC, and Russell Furia in the principal sum of $285,000 and in favor of the plaintiff and against the defendant Bruce Kaplan in the principal sum of $140,358.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
In July 2019, the plaintiff entered into a contract to purchase certain real property located in Smithtown from the defendant Crossroad Realty NY, LLC (hereinafter Crossroad). The defendant Russell Furia, the president of Crossroad, executed the contract on behalf of Crossroad. The sale price was $2,850,000, and the plaintiff paid a down payment in the amount of $285,000, which was deposited into the escrow account of Crossroad's attorney, the defendant Bruce Kaplan. A rider to the contract contained a mortgage contingency clause, which provided that the plaintiff agreed to make immediate, diligent, truthful, and proper applications to a lending institution without delay for a mortgage in the amount of $1,890,000 that met certain terms and conditions. The mortgage contingency clause further provided that if the lending institution did not approve the plaintiff's application in the amount and under the terms and conditions specified in that clause within 90 days, then "this contract shall become null and void and upon refunding the money deposited hereunder, both parties hereto shall be released from any further liability." In February 2020, the plaintiff's attorney sent Kaplan a letter, which stated that the plaintiff had been unable to obtain financing under the terms of the contract, declared the contract null and void, and demanded the return of the plaintiff's down payment.
In October 2020, the plaintiff commenced the instant action, among other things, to recover the down payment. In November 2020, Kaplan interposed an answer only on his own [*2]behalf. In February 2021, Kaplan moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. The plaintiff opposed Kaplan's motion, contending, among other things, that Furia and Crossroad had defaulted in the action. However, the plaintiff did not cross-move for affirmative relief. In April 2021, Furia and Crossroad interposed an answer to the complaint. The plaintiff did not reject Furia and Crossroad's untimely answer within 15 days.
On May 2, 2022, at oral argument on Kaplan's motion, the Supreme Court rejected Furia and Crossroad's answer, finding that it was untimely, and found them to be in default in the action. The court, inter alia, denied that branch of Kaplan's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him.
At the start of a hearing on February 8, 2023, the Supreme Court stated that Furia and Crossroad were in still in default and that all liability had been conceded. Thereafter, the court, in effect, conducted a hearing on damages only. Following the hearing, the court entered a judgment in favor of the plaintiff and against Crossroad and Furia in the principal sum of $285,000 and in favor of the plaintiff and against Kaplan in the principal sum of $140,358. The defendants appeal.
Pursuant to CPLR 2101(f), "[t]he party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within fifteen days after the receipt thereof, the party on whom the paper is served returns the paper to the party serving it with a statement of particular objections" (see U.S. Bank N.A. v Lopez, 192 AD3d 849, 850; Perez-Faringer v Heilman, 95 AD3d 853, 853-854; Celleri v Pabon, 299 AD2d 385). Here, the plaintiff's undisputed failure to reject Furia and Crossroad's answer within the 15-day statutory time frame constituted a waiver of the late service and the default (see U.S. Bank N.A. v Lopez, 192 AD3d at 850; Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608-609). Moreover, the plaintiff did not move for leave to enter a default judgment against Furia and Crossroad (see Soggs v Crocco, 184 AD2d 1021, 1021; see also Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 122). Therefore, the Supreme Court should not have rejected the answer of Furia and Crossroad.
Further, it is undisputed that Kaplan interposed a timely answer, and thus, he was not in default in the action (see CPLR 320[a]). At the time of the February 8, 2023 hearing, the plaintiff had not moved for summary judgment on the issue of liability on the complaint. Accordingly, the Supreme Court should not have, in effect, determined that the defendants' liability on the complaint had been conceded or established and conducted a hearing only on damages (see generally Wells Fargo Bank, N.A. v St. Louis, 229 AD3d at 125; Bowman v Bowman, 130 AD3d 661, 664; Sena v Nationwide Mut. Fire Ins. Co., 198 AD2d 345, 346).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
In light of the foregoing, we reverse the judgment and remit the matter to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court