Wells Fargo Bank, N.A. v Bhuiyan (2025 NY Slip Op 04686)

Wells Fargo Bank, N.A. v Bhuiyan

2025 NY Slip Op 04686

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-03942
 (Index No. 712603/15)

[*1]Wells Fargo Bank, N.A., appellant,
v
Mahabubur Bhuiyan, etc., et al., defendants, 2166 Dea, Inc., et al., respondents.

Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for appellant.
David M. Harrison, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), dated March 23, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants 2166 Dea, Inc., and 2166 Dean, LLC, and for an order of reference and granted that branch of those defendants' cross-motion which was to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2008, the defendant Mahabubur Bhuiyan (hereinafter the borrower) executed a note in favor of the plaintiff in the amount of $533,000, which was secured by a mortgage on certain real property located in Hollis. In March 2013, a satisfaction of mortgage was purportedly executed by an officer of the plaintiff and subsequently recorded. By deed dated May 31, 2014, the borrower conveyed the property to the defendant 2166 Dean, LLC.
By summons and complaint dated December 1, 2015, the plaintiff commenced this action against the borrower, as well as 2166 Dean, LLC, and the defendant 2166 Dea, Inc. (hereinafter together the Dean entities), among others, to foreclose the mortgage and to vacate, cancel, and expunge of record the satisfaction of mortgage. The Dean entities were timely served with the summons and complaint and failed to interpose an answer or otherwise appear in the action. Thereafter, by order dated June 7, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for leave to serve a supplemental summons and amended complaint. The plaintiff subsequently served the supplemental summons and amended complaint on the Dean entities.
By notice of motion dated March 6, 2020, the plaintiff moved, among other things, for leave to enter a default judgment against the Dean entities and for an order of reference. The Dean entities cross-moved, inter alia, to dismiss the amended complaint insofar as asserted against them on the ground that the mortgage debt had been satisfied or, in the alternative, pursuant to CPLR 3215(c), based on the plaintiff's failure to take proceedings for the entry of a judgment within one year of their default in interposing an answer or appearing in the action. The plaintiff opposed the [*2]cross-motion.
By order dated March 23, 2023, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the Dean entities and for an order of reference and granted that branch of the Dean entities' cross-motion which was to dismiss the amended complaint insofar as asserted against them on the ground that the mortgage debt had been satisfied, further concluding that "service of process of the original complaint was effectuated on the non-answering defendants in 2015, and default was not sought within one year following process, and there has been no good cause shown for the 4-year delay in securing default judgments against them. However, considering the finding of a [s]atisfaction, there is no need to tarry further on this point." The plaintiff appeals. We affirm, albeit on the alternate grounds not relied upon by the court.
"'[W]here the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she "failed to appear" within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default and obtaining leave to serve a late answer'" (Mr. Cooper v Benbow, 229 AD3d 621, 623, quoting Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663). Here, as the plaintiff correctly contends, the Dean entities' defense that the mortgage debt was satisfied pursuant to the satisfaction of mortgage was precluded by their undisputed default in interposing an answer (see id.). Thus, the Supreme Court should not have directed dismissal of the amended complaint insofar as asserted against the Dean entities on that basis.
However, the Dean entities' failure to move to vacate their default in interposing an answer or appearing in the action did not preclude them from seeking dismissal of the amended complaint pursuant to CPLR 3215(c) (see Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee, 202 AD3d 898, 898).
Pursuant to CPLR 3215(c), "'[a]n action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter'" (U.S. Bank N.A. v Dickerson, 223 AD3d 930, 932, quoting Iorizzo v Mattikow, 25 AD3d 762, 763). A plaintiff may avoid dismissal under CPLR 3215(c) by demonstrating "sufficient cause" for why the complaint should not be dismissed. "'This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious'" (U.S. Bank N.A. v Dickerson, 223 AD3d at 932, quoting Giglio v NTIMP, Inc., 86 AD3d 301, 308).
In general, where an amended complaint is served, the plaintiff must attempt to obtain a default judgment within one year of the time that the defendants were obligated to respond to the amended complaint (see Chiulli v Coyne, 210 AD2d 450, 451). However, where the plaintiff fails to "take proceedings for the entry of judgment" within one year of the original default, and thereafter files an amended complaint, "[t]he time to seek a default judgment should be measured from the default in responding to the original, not the amended, complaint" (MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528 [internal quotation marks omitted]; see Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC, 164 AD3d 1491).
Here, the plaintiff failed to demonstrate that it took any steps to take proceedings for the entry of a default judgment against the Dean entities until more than four years after the Dean entities were served with the original complaint. Thus, the plaintiff's motion was untimely, and the Supreme Court should have directed dismissal of the amended complaint insofar as asserted against the Dean entities pursuant to CPLR 3215(c) as abandoned (see Quadrozzi Concrete Corp. Individual Account Plan & Trust v Javash Realty, LLC, 164 AD3d at 1492).
In light of the foregoing, the parties' remaining contentions need not be reached.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court