■ WILLIAM C. MYERS, Respondent, v EMPIRE STATE BUILDING et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Richmond County, dated November 21, 1975, which, *inter alia,* denied their motion to dismiss the action for failure to timely serve a complaint (CPLR 3012, subd [b]) or, in the alternative, to dismiss the action for failure to enter judgment within one year of their default (CPLR 3215, subd [c]). Order affirmed, with $50 costs and disbursements. Defendants' time to answer is extended until 20 days after entry of the order to be made hereon. By the acceptance and retention of the complaint prior to the instant motion, defendants waived

any rights they may have had under CPLR 3012 (subd [b]) (see *Fuchs & Lang Sun Chem. de Venezuela, C. A. v Schenectady Chems.,* 43 AD2d 881; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3012.15). Defendants have not established that they were in default in appearing for more than one year. Assuming that they had any rights under CPLR 3215 (subd [c]), the rights were waived by defendants' laches. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the order and grant defendants' motion, with the following memorandum: I dissent and vote to reverse the order which denied defendants' motion to dismiss the action pursuant to CPLR 3012 (subd [b]) for failure to timely serve a complaint or, in the alternative, to dismiss the action pursuant to CPLR 3215 (subd [c]) for failure to enter a judgment within one year after defendants' alleged default in appearing. This action was commenced to recover damages for injuries sustained by plaintiff on July 25, 1969. Service of a summons without a complaint was effected by plaintiff's original attorney on July 24, 1972, just prior to the expiration of the Statute of Limitations. On October 20, 1972 defendants' original attorneys served a notice of appearance and demand for a complaint upon plaintiff's original attorney and, on October 29, 1973, they sent plaintiff's original attorney a letter with a copy of the said notice of appearance. Defendants' prior attorneys moved, in November, 1973, to dismiss the action for plaintiff's failure to serve the complaint, but these papers were lost in the court and the motion was never decided. Thereafter, the original counsel for both sides were changed and, on July 8, 1975, a verified complaint was served on defendants' present attorney. The latter moved, on October 3, 1975, to dismiss the action on the two grounds above-mentioned. It is my view that defendants' motion should have been granted on both grounds urged. It is apparent that both plaintiff's and defendants' attorneys were dilatory and ineffectual in the prosecution and defense of this action. Nevertheless, on the instant motion, plaintiff did not cross-move to be relieved of his default in the service of a complaint, he offered no valid excuse or justification for the delay in its service and, in opposition to defendants' motion, he failed to submit an affidavit indicating merit in his claim. Under the circumstances, defendants' motion should have been granted (see *Scotto v Montemarano,* 50 AD2d 916; *Sortino v Fisher,* 20 AD2d 25, 30).