ROBERT NAGEL, Respondent, v LEONARD SONNENBERG et al., Defendants, and FOSECO MINSEP, LTD., Appellant.—In an action, *inter alia,* to recover damages for breach of a stock purchase agreement, defendant Foseco Minsep, Ltd., appeals from so much of an order of the Supreme Court, Nassau County, dated July 23, 1979, as denied its motion to dismiss the complaint pursuant to CPLR 3012 (subd [b]). Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff began this action by service of a summons with notice dated July 24, 1978. Appellant Foseco Minsep, Ltd., appeared and demanded service of the complaint on September 13, 1978. After precomplaint discovery had been completed (see CPLR 3102, subd [c]), the complaint, dated May 5, 1979, was served. On May 24, 1979 plaintiff's attorney signed a stipulation which extended all defendants' time to answer or make any motions with regard to the complaint to June 20, 1979. The stipulation was executed by appellant's former attorneys on May 25, 1979. On June 7, 1979 the complaint was rejected by appellant's new counsel and a motion to dismiss the complaint for untimely service was noticed the next day (see CPLR 3012, subd [b]). Special Term denied the motion to dismiss holding that the stipulation signed by appellant's former attorneys and their retention of the complaint constituted a waiver of the late service of the complaint. We agree. "By the acceptance and retention of the complaint prior to the instant motion, [appellant] waived any rights [it] may have had under CPLR 3012 (subd [b])" *(Myers v Empire State Bldg.,* 53 AD2d 662, 663). In addition, and in light of the circumstances, the stipulation was a positive, affirmative and conclusive waiver of the late service of the complaint. Appellant's attorneys should have rejected and returned the complaint rather than enter into a stipulation extending time to answer and make motions. In addition, we find that the plaintiff's delay was excusable in light of the need to conduct appropriate discovery procedures for the purpose of obtaining information to frame a complaint, and there appears to be a meritorious cause of action. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.