■ JONATHAN M. ROBINSON, Appellant, v BOOKER T. DAVIS, as Chairman of the Board of Trustees of the First Baptist Church of Sheepshead Bay, et al., Respondents.—In an action, inter alia, to enjoin the respondents from holding a meeting on January 28, 1984, for the purpose of dismissing the plaintiff as pastor of the First Baptist Church of Sheepshead Bay, in which judgment dated March 5, 1984 had been entered, declaring that the resolution passed at that meeting dismissing the plaintiff as pastor was a nullity, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated January 25, 1985, as granted the defendants' motion for a preliminary injunction, inter alia, enjoining the plaintiff from acting as the pastor, and (2) from a judgment of the same court (Pino, J.), dated March 12, 1985, which, after a hearing, granted the defendants' application for a permanent injunction, denied the plaintiff's cross motion to annul a resolution made at a meet-

ing of the church held on September 29, 1984, and held that that meeting was properly convened.

Ordered that the judgment dated March 12, 1985 is affirmed, and it is further,

Ordered that the appeal from the order dated January 25, 1985 is dismissed as academic in light of our determination on the appeal from the judgment dated March 12, 1985, and it is further,

Ordered that the defendants are awarded one bill of costs.

While the plaintiff correctly asserts that the defendants improperly made an application for an injunction under the index number of a case between the parties in which a final judgment had already been made, we decline to reverse the court's determination on this ground. Previously, the plaintiff himself brought a motion for relief under this index number even though a final determination had already been rendered in the action. Additionally, in the instant case, the plaintiff himself invoked the court's jurisdiction by cross-moving against the respondents. Thus, we find that the parties charted their own course in this litigation, and the plaintiff cannot now be heard to complain.

Turning now to the merits, we conclude that the court properly found that the congregation's meeting, at which it was decided by a 74 to 1 vote to remove the plaintiff from his position as pastor, was validly held. The congregation prepared a list of charges of alleged acts of misconduct against the plaintiff, served him with these charges and gave him notice of the meeting and an opportunity to defend against the charges. The plaintiff was afforded his due process rights and the fact that he chose not to respond to the charges or attend the meeting will not invalidate the proceedings held at the meeting. Thus, he was validly dismissed *(see, Walker Mem. Baptist Church v Saunders,* 285 NY 462, *rearg denied* 286 NY 607; *Sherburne Vil. Baptist Socy. v Ryder,* 275 App Div 729; *Hayes v Board of Trustees,* 225 NYS2d 316).

We have considered the plaintiff's remaining contentions and find them to be without merit. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.