■ DEBRA DRAKE et al., Individually and on Behalf of the MOULTON MEMORIAL BAPTIST CHURCH OF NEWBURGH, NEW YORK, et al., Appellants, v MOULTON MEMORIAL BAPTIST CHURCH OF NEWBURGH, NEW YORK, et al., Respondents, et al., Defendant. [940 NYS2d 281]—

In an action, inter alia, to recover damages for breach of fiduciary duty, defamation, and prima facie tort, the plaintiffs appeal from an order of the Supreme Court, Orange County (Lubell, J.), dated September 22, 2010, which granted the motion of the defendants Moulton Memorial Baptist Church of Newburgh, New York, Derrick Lopez, Jeanne Graham, John Homan, James Nelson, Jacqueline Hey, Darryl Hey, Patricia Gould, Lynda Moses, C. Jay Hasbrouck, Barbra Taylor, and Olivia Liebowitz pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

After the plaintiffs Debra Drake and Dawn Steins (hereinafter together the plaintiffs) were removed from their positions as trustees of Moulton Memorial Baptist Church of Newburgh, New York (hereinafter MMBC), they commenced this action against, among others, MMBC, MMBC's pastor, and various individuals with unspecified roles at MMBC (hereinafter collectively the defendants). The plaintiffs sought, inter alia, to recover damages for breach of fiduciary duty, defamation, and prima facie tort. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the Supreme Court granted the motion. The plaintiffs appeal. We affirm.

"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs. Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (*Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 286 [2007] [citation omitted]). Here, with the exception noted below, the claims asserted by the plaintiffs are nonjusticiable, as they cannot be resolved based on neutral principles of law. Rather, resolution of the issues raised would necessarily involve an impermissible inquiry into religious doctrine or practice (*id.* at 286-287; *see Sieger v Union of Orthodox Rabbis of U.S. & Can.*, 1 AD3d 180, 182 [2003]; *Mandel v Silber*, 304 AD2d 538 [2003]; *Jackson v Presbytery of Susquehanna Val.*, 265 AD2d 253 [1999]; *Upstate N.Y. Synod of Evangelical Lutheran Church in Am. v Christ Evangelical Lutheran Church of Buffalo*, 185 AD2d 693, 694-695 [1992]).

To the extent that the plaintiffs allege that certain procedural irregularities marred the proceeding by which they were removed from their positions at MMBC and deprived them of their due process rights, we agree that those claims could be resolved based on neutral principles of law (*see Schwimmer v Welz*, 56 AD3d 541, 543 [2008]). Nevertheless, the record fully supports the defendants' contention, made in their papers submitted in support of their motion and on appeal, that based on the plaintiffs' own documents, the plaintiffs waived any purported procedural defects (*see Matter of Grace v Grace Inst.*, 19 NY2d 307, 314 [1967]; *Matter of Koch*, 257 NY 318, 324-325 [1931]; *Robinson v Davis*, 126 AD2d 715, 716 [1987]). Accord-

ingly, the causes of action predicated on alleged due process violations are also not viable.

In light of our determination, we need not address the parties' remaining contentions. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32823(U).]**