■ OLEG RODZIANKO, Appellant, v PARISH OF THE RUSSIAN ORTHODOX HOLY VIRGIN PROTECTION CHURCH, INC., Respondent. [984 NYS2d 614]—

In an action, inter alia, to permanently enjoin the defendant from taking any further steps to merge or consolidate with the Moscow Patriarchate of the Russian Orthodox Church, on the ground that doing so would violate the defendant's certificate of incorporation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated August 22, 2012, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff asserts that the defendant violated, "Paragraph SECOND" of its certificate of incorporation, which states, in pertinent part: "the corporation shall maintain no relations whatsoever with any ecclesiastical officers or organizations within the boundaries of or subject to the jurisdiction of the Union of Soviet Socialist Republics, or any of its satellite states, so long as the said Union, or any of its satellite states, are ruled by Communistic authorities." The plaintiff alleges that the defendant's adherence to certain "Acts of Canonical Communion" with the Moscow Patriarchate of the Russian Orthodox Church based in Russia, that were passed in 2007 by the defendant's church hierarchy, amounts to a violation of "Paragraph SECOND" of its certificate of incorporation because, despite

the 1991 breakup of the Union of Soviet Socialist Republics, its replacement, the Russian Federation, is still allegedly ruled by communistic authorities. Thus, the plaintiff sought, inter alia, to permanently enjoin the defendant from taking any further actions to merge with the Moscow Patriarchate of the Russian Orthodox Church based in Russia. The defendant moved pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction, and the Supreme Court granted the motion.

"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs. Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (*Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 286 [2007] [citation omitted]). Here, the claims asserted by the plaintiff are nonjusticiable, as they cannot be resolved based on neutral principles of law. Rather, resolution of the issues raised would necessarily involve an impermissible inquiry into religious doctrine or practice (*id.* at 286-287; *see Drake v Moulton Mem. Baptist Church of Newburgh*, 93 AD3d 685, 686 [2012]).

Accordingly, the Supreme Court correctly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur.