■ DIBO HAFIF, Appellant, v RABBINICAL COUNCIL OF SYRIAN & NEAR EASTERN JEWISH COMMUNITIES IN AMERICA et al., Respondents. [34 NYS3d 160]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated August 12, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

As the defendants correctly contend, the Supreme Court properly directed the dismissal of the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction. The plaintiff's claims cannot be decided solely upon the application of neutral principles of law, without reference to religious principles (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; Rodzianko v Parish of the Russian Orthodox Holy Virgin Protection Church, Inc., 117 AD3d 706 [2014]). In particular, the courts would be involved in determining the proper interpretation and understanding of the Hebrew word "mizuyaf," the authenticity requirements for documents being submitted on an application to a Jewish religious tribunal for permission to remarry, and the validity of the documents submitted in the context of a Jewish religious divorce dispute. Thus, the court would be impermissibly entangled in the application of religious customs, laws and procedures (see Drake v Moulton Mem. Baptist Church of Newburgh, 93 AD3d 685 [2012]).

In light of our determination, we need not reach the parties'

remaining contentions. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.