■ CECILIA LIFSCHITZ, Respondent, v HAIM YOSEF SHARABI et al., Appellants, et al., Defendant. [60 NYS3d 485]—

In an action to recover damages for breach of contract and fraud, the defendants Rabbi Haim Yosef Sharabi and Michal Hadad appeal from an order of the Supreme Court, Kings County (Edwards, J.), dated October 28, 2016, which denied their motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of contract and fraud, alleging that she made several payments to the defendants totaling $214,000 for the purchase of three torah books, and for the defendants to find her a husband pursuant to the Jewish custom of "shiduch." The plaintiff alleged that the defendants made false statements to induce her to make the payments, and had not performed pursuant to their agreement. The defendants Rabbi Haim Yosef Sharabi and Michal Hadad (hereinafter together the defendants) moved pursuant to CPLR 3211 (a) (2) to dismiss the complaint insofar as asserted against them for lack of subject matter jurisdiction, arguing, inter alia, that courts are prohibited from resolving controversies that require consideration of religious doctrine. The Supreme Court denied the motion, and we affirm.

"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (*Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 286 [2007]; *see Serbian Eastern Orthodox Diocese for United States and Canada v Milivojevich*, 426 US 696 [1976]). However, "[c]ivil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (*Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d at 286; *see Hafif v Rabbinical Council of Syrian & Near E. Jewish Communities in Am.*, 140 AD3d 1017, 1017 [2016]; *Drake v Moulton Mem. Baptist Church of Newburgh*, 93 AD3d 685, 686 [2012]; *Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 403, 406 [2009]).

Here, the defendants failed to demonstrate that the plaintiff's causes of action cannot be determined solely upon the application of neutral principles of law, without reference to religious principles (*cf. Hafif v Rabbinical Council of Syrian & Near E. Jewish Communities in Am.*, 140 AD3d at 1017). Accordingly, the Supreme Court properly denied the defendants' motion to

dismiss the complaint insofar as asserted against them. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.