Appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated July 28, 2015. The order, insofar as appealed from, granted that branch of the plaintiffs’ motion which was to confirm the results of an election held on May 31, 2015, in which their slate of candidates were elected as the members of the Board of Trustees of the plaintiff Queens Branch of the Bhuvaneshwar Mandir, Inc., and denied that branch of the defendants’ cross motion which was pursuant to CPLR 3001 for a judgment declaring that its slate of candidates won the election.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In 2015, the plaintiffs commenced this action for injunctive relief after a dispute arose regarding the control of the plaintiff Queens Branch of the Bhuvaneshwar Mandir, Inc. (hereinafter the Mandir), a religious corporation. Following commencement of the action, the parties agreed to resolve the issue of control by holding an election for the Mandir’s Board of Trustees. After the election was conducted, the plaintiffs moved, inter alia, to confirm the results of the election, in which their slate of candidates were elected as the Mandir’s Board of Trustees. The defendants cross-moved, inter alia, pursuant to CPLR 3001 for a judgment declaring that their slate of candidates prevailed in the election on the ground that a substantial majority of individuals who cast votes in favor of the plaintiffs’ slate of candidates were ineligible to vote in the election. The Supreme Court granted the plaintiffs’ motion and denied the defendants’ cross motion.
 

 “The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs” (Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; see First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116 [1984]). However, “[c]ivil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution” (Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d at 286). In applying neutral principles of law, “courts may rely upon internal documents, such as a congregation’s bylaws, but only if those documents do not require interpretation of ecclesiastical doctrine” (id.; see Matter of Ming Tung v China Buddhist Assn., 124 AD3d 13, 20 [2014], affd 26 NY3d 1152 [2016]).
 

 Here, resolution of the instant dispute, including determining whether any votes were cast by individuals who were not eligible to vote in the election, does not “require! ] intrusion into constitutionally protected ecclesiastical matters” (Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d at 288). Rather, this question may be resolved based upon neutral principles of law and reference to the secular provisions of the Mandir’s internal documents (see Schwimmer v Welz, 56 AD3d 541, 543 [2008]; Esformes v Brinn, 52 AD3d 459, 462 [2008]; Malankara Archdiocese of Syrian Orthodox Church in N. Am. v Thomas, 33 AD3d 887, 888 [2006]). The defendants failed to establish that any of the individuals who voted in favor of the plaintiffs’ slate of candidates were ineligible to vote in the election. Accordingly, the Supreme Court properly granted that branch of the plaintiffs’ motion which was to confirm the results of the election and denied that branch of the defendants’ cross motion which was pursuant to CPLR 3001 for a judgment declaring that their slate of candidates won the election.
 

 Rivera, J.R, Roman, LaSalle and Barros, JJ., concur.