United Church of Friendship v New York Dist. of Assemblies of God (2023 NY Slip Op 05090)

United Church of Friendship v New York Dist. of Assemblies of God

2023 NY Slip Op 05090

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

744 CA 22-01328

[*1]UNITED CHURCH OF FRIENDSHIP, PLAINTIFF-RESPONDENT,
v
NEW YORK DISTRICT OF ASSEMBLIES OF GOD, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

ROLLINSON & GRAINGER, SYRACUSE (MICHAEL P. GRAINGER OF COUNSEL), FOR DEFENDANT-APPELLANT.
RICHARDSON, PULLEN & BUCK, P.C., FILLMORE (DAVID T. PULLEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered July 7, 2022. The judgment, insofar as appealed from, granted in part plaintiff's motion for summary judgment and declared that plaintiff is the sole owner and has the sole right to possess the real and personal property of the United Church of Friendship. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the cross-motion is granted, and the complaint is dismissed.
Memorandum: United Church of Friendship (UCF), by its Board of Trustees (plaintiff), commenced this action seeking a judgment declaring that, inter alia, plaintiff is the duly constituted board of UCF and not the supervisory board appointed by defendant. Defendant appeals from a judgment to the extent that it granted in part plaintiff's motion for summary judgment on the complaint, declaring that plaintiff is the sole owner of the property of UCF, and to the extent that the judgment brings up for review a prior order that, inter alia, denied defendant's cross-motion for summary judgment dismissing the complaint (see CPLR 5501 [a] [1]). We now reverse the judgment insofar as appealed from.
By a court order, in 1978 the Friendship Assembly of God, Inc. church and the Friendship Baptist Society church were merged and consolidated into one religious corporation pursuant to Religious Corporations Law § 13 under the name UCF. The consolidation agreement and UCF's constitution provided that the new corporation shall continue "affiliation with" both the American Baptist Churches of New York State and defendant, and the consolidation agreement further provided that all real and personal property of the two churches would now become the property of UCF.
In 2018, UCF requested assistance from defendant due to difficulty with finances and membership numbers. Defendant agreed to assist by placing UCF under temporary "District" supervision, meaning that defendant would appoint a new acting supervisory board for UCF made up of defendant's leadership representatives while retaining the current board as a non-voting advisory board. On December 2, 2018, UCF voted "at an official meeting of its membership" to come under District supervision of defendant.
Disputes between plaintiff and defendant arose in 2021, leading to this lawsuit that essentially seeks a determination as to who is in control of UCF—plaintiff or the supervisory board placed by defendant. Plaintiff contends that UCF is affiliated with defendant only for financial support and is otherwise independent and not subordinate to defendant. Plaintiff further [*2]contends that UCF's constitution and bylaws control and not the rules, policies and procedures of the Assemblies of God denomination. Defendant, on the other hand, contends that when UCF voted for temporary District supervision, it was reverted from sovereign, autonomous and self-governing General Council-affiliated status to non-autonomous and non-self-governing District Council-affiliated status, consistent with the Assemblies of God policy, polity, doctrine, customs and usages. Defendant further contends that when an Assemblies of God church is placed under supervision and is reverted to District Council-affiliated status, its constitution, bylaws and other corporate documents are suspended until supervision is over and General Council-affiliated status is returned with the rights of autonomy and self-governance, which is a determination made by defendant in the exercise of its ecclesiastical authority.
"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs . . . Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; see Sam v Church of St. Mark, 293 AD2d 663, 664 [2d Dept 2002]).
We conclude that none of the relief requested by plaintiff in its complaint may be decided by a court based on neutral principles of law (see Drake v Moulton Mem. Baptist Church of Newburgh, 93 AD3d 685, 686 [2d Dept 2012]). Instead, resolution of those issues would "necessarily involve an impermissible inquiry into religious doctrine or practice" (id.; see Eltingville Lutheran Church v Rimbo, 174 AD3d 856, 858-859 [2d Dept 2019], appeal dismissed 34 NY3d 1024 [2019]). There is no dispute that UCF is the owner of its real and personal property, and thus there was no need for Supreme Court to issue a declaration to that effect (cf. North Cent. N.Y. Annual Conference v Felker, 28 AD3d 1130, 1130-1131 [4th Dept 2006]; see generally Rice v Cayuga-Onondaga Healthcare Plan, 190 AD2d 330, 333 [4th Dept 1993]). To the extent plaintiff contends that UCF's affiliation with the Assemblies of God denomination was financial only, it is not for a court to determine what is a "real" Assemblies of God church or what is meant by being "affiliated" with that church. Likewise, the dispute whether UCF's constitution and bylaws have been suspended during the period of General Council-affiliated status is an ecclesiastical matter involving church governance in which civil courts should not intervene (see generally Upstate N.Y. Synod of Evangelical Lutheran Church in Am. v Christ Evangelical Lutheran Church of Buffalo, 185 AD2d 693, 694 [4th Dept 1992]). We therefore conclude that plaintiff's claims are not justiciable and that defendant is entitled to summary judgment dismissing the complaint (see Drake, 93 AD3d at 686).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court