Gorgia v Dolan
2026 NY Slip Op 03665
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Anthony J. Gorgia, appellant,
v
Timothy Dolan, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-00751, (Index No. 151501/20)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Belair & Associates, P.C., Bronxville, NY (Raymond W. Belair of counsel), for appellant.
Leahey & Johnson, P.C., New York, NY (Peter James Johnson, Joanne Filiberti, and Gabriel M. Krausman of counsel), for respondents Timothy Dolan and Roman Catholic Archdiocese of New York.
Fox Rothschild, LLP, New York, NY (Alexander W. Bogdan, Timothy A. Gumaer, David W. Kinkopf, pro hac vice, and Joseph C. Dugan, pro hac vice, of counsel), for respondents Adam Park, Peter Harman, Pontifical North American College, and John Geary McDonald.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of sexual orientation and disability in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated January 13, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Adam Park, Peter Harman, Pontifical North American College, and John Geary McDonald which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fifth, seventh, eighth, and tenth causes of action insofar as asserted against the defendants Peter Harman and Pontifical North American College, granted those branches of the motion of the defendants Timothy Dolan and Roman Catholic Archdiocese of New York which were to dismiss the first, second, third, fourth, fifth, seventh, and tenth causes of action insofar as asserted against them, and denied that branch of the plaintiff's cross-motion which was for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
As alleged in the complaint, in 2015, the plaintiff was accepted as a seminarian of the defendant Roman Catholic Archdiocese of New York (hereinafter the ADNY). In 2017, upon the nomination of the defendant Timothy Dolan, the plaintiff enrolled as a student at the defendant Pontifical North American College (hereinafter the NAC) in Rome, Italy, to undergo a course of study to be ordained as a Catholic priest. The defendants Adam Park, Peter Harman, and John Geary McDonald were faculty members of the NAC at the time.
In November 2018, during his second year at the NAC, the plaintiff returned to New York to undergo urgent surgery. While recovering in New York in December 2018, the plaintiff [*2]received a letter from Dolan advising that Harman, the rector of the NAC, had decided that the plaintiff would not be permitted to return to the NAC for the following semester due to concerns regarding his extended absence, his failure to properly obtain permission from the NAC to return to the United States for his surgery, and his slow progress in his "human formation." The letter informed the plaintiff that in order to continue his studies the following year, he would be required to complete a pastoral internship. The plaintiff attempted to convince Dolan to reconsider but ultimately resigned as a seminarian of the ADNY. The plaintiff alleged that the stated reasons for his removal from the NAC were false and that he was actually barred from returning in order to prevent him from reporting inappropriate sexual conduct by a member of the NAC's faculty.
The plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of sexual orientation and disability in violation of Executive Law § 296, breach of fiduciary duty, fraud, intentional infliction of emotional distress, tortious interference with prospective economic advantage, and wrongful discharge. The NAC, Park, Harman, and McDonald (hereinafter collectively the NAC defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The ADNY and Dolan (hereinafter together the ADNY defendants) moved, among other things, pursuant to CPLR 3012(b) and 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved to compel the ADNY defendants to accept late service of the complaint, for leave to amend the complaint, and for leave to discontinue the sixth, ninth, eleventh, and twelfth causes of action.
In an order dated January 13, 2022, the Supreme Court, inter alia, granted the NAC defendants' motion and that branch of the ADNY defendants' motion which was to dismiss the complaint insofar as asserted against them. The court granted that branch of the plaintiff's cross-motion which was for leave to discontinue the sixth, ninth, eleventh, and twelfth causes of action, and otherwise denied the cross-motion. The plaintiff appeals from so much of the order as granted those branches of the NAC defendants' motion which were to dismiss the first, second, third, fifth, seventh, eighth, and tenth causes of action insofar as asserted against the NAC and Harman, granted those branches of the ADNY defendants' motion which were to dismiss the first, second, third, fourth, fifth, seventh, and tenth causes of action insofar as asserted against them, and denied that branch of the plaintiff's cross-motion which was for leave to amend the complaint.
The Supreme Court properly granted those branches of the NAC defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fifth, seventh, eighth, and tenth causes of action insofar as asserted against the NAC and Harman for lack of personal jurisdiction. "Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (Whitcraft v Runyon, 123 AD3d 811, 812; see Weitz v Weitz, 85 AD3d 1153, 1153). "The party opposing the motion 'need only demonstrate that facts may exist whereby to defeat the motion. It need not be demonstrated that they do exist'" (Doe v McCormack, 100 AD3d 685, 685 [internal quotation marks omitted], quoting Peterson v Spartan Indus., 33 NY2d 463, 466).
"'In order to determine whether personal jurisdiction exists under CPLR 302(a)(1), the court must determine (1) whether the defendant purposefully availed itself of the privilege of conducting activities within the forum State by either transacting business in New York or contracting to supply goods or services in New York, and (2) whether the claim arose from that business transaction or from the contract to supply good[s] or services'" (Manning v Budget Rent A Car, 241 AD3d 676, 678, quoting Qudsi v Larios, 173 AD3d 920, 922-923). "When assessing whether there is personal jurisdiction over a defendant pursuant to the 'transacts any business' clause of New York's long-arm statute, courts must ask 'whether what the defendant did in New York constitutes a sufficient transaction to satisfy the statute'" (Greenfader v Chicago Sch. of Professional Psychology, 222 AD3d 845, 846-847 [internal quotation marks omitted], quoting State of New York v Vayu, Inc., 39 NY3d 330, 332). "'To satisfy the second prong, the statute requires an articulable nexus or substantial relationship between the cause of action sued upon, or an element thereof, and the defendants' business transactions in New York'" (Manning v Budget Rent A Car, 241 AD3d at [*3]678 [internal quotation marks omitted], quoting Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d 40, 48; see D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298). "'[T]his inquiry is relatively permissive, and does not require causation'" (Aybar v US Tires & Wheels of Queens, LLC, 211 AD3d at 49 [internal quotation marks omitted], quoting Skutnik v Messina, 178 AD3d 744, 745).
Here, the NAC's alleged activities in New York included recruiting seminarians, soliciting donations, and Harman's alleged communication to Dolan that resulted in the plaintiff's removal from the NAC. The first two activities do not satisfy the second prong of the test because the plaintiff's injuries did not arise from the NAC's recruitment and solicitation activities (see Apicella v Valley Forge Military Academy & Jr. Coll., 103 AD2d 151, 154). Similarly, Harman's alleged communication with Dolan failed to confer jurisdiction pursuant to CPLR 302(a)(1) because the communication regarded services rendered in Italy, and, therefore, was not for the purpose of engaging in a sustained and substantial transaction of business in New York (see Paterno v Laser Spine Inst., 24 NY3d 370, 377; Bloomgarden v Lanza, 143 AD3d 850, 851-852).
The plaintiff also failed to make a prima facie showing that the Supreme Court had personal jurisdiction over the NAC and Harman pursuant to CPLR 302(a)(2). The complaint alleged that while located in Italy, Harman committed a tortious act by communicating with Dolan, who was located in New York. Under these facts, CPLR 302(a)(2) does not confer personal jurisdiction (see Bauer Indus. v Shannon Luminous Materials Co., 52 AD2d 897, 898; see also Platt Corp. v Platt, 17 NY2d 234, 237; Kramer v Vogl, 17 NY2d 27, 31; SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 37).
Lastly, the plaintiff failed to make a prima facie showing that the Supreme Court had personal jurisdiction over the NAC and Harman pursuant to CPLR 302(a)(3). "'[T]he residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there'" (Barbetta v NBCUniversal Media, LLC, 227 AD3d 763, 765, quoting Fantis Foods v Standard Importing Co., 49 NY2d 317, 326; see CPLR 302[a][3]). For the purpose of this statute, "[t]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff" (Bloomgarden v Lanza, 143 AD3d at 852 [internal quotation marks omitted]). Here, the alleged tortious act took place in Italy. Therefore, although the plaintiff may have felt the consequences of the communication in New York, the situs of the injury was Italy (see Fanelli v Latman, 202 AD3d 758, 760).
Accordingly, the Supreme Court properly granted those branches of the NAC defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fifth, seventh, eighth, and tenth causes of action insofar as asserted against the NAC and Harman for lack of personal jurisdiction.
The Supreme Court incorrectly concluded that the first, second, third, fourth, fifth, seventh, and tenth causes of action insofar as asserted against the ADNY defendants should be dismissed pursuant to CPLR 3012(b). Pursuant to CPLR 3012(b), a plaintiff must serve the complaint upon a defendant within 20 days after service of a demand for the complaint. However, pursuant to CPLR 2101(f), "[t]he party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within fifteen days after the receipt thereof, the party on whom the paper is served returns the paper to the party serving it with a statement of particular objections." A party is deemed to have waived late service where it retains the paper without objecting to late service (see U.S. Bank N.A. v Lopez, 192 AD3d 849, 850; Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608-609; see also Nagel v Sonnenberg, 74 AD2d 565, 565).
Here, the ADNY defendants served their demand for complaint upon the plaintiff on January 4, 2021. The complaint was served 30 days later, on February 3, 2021. The ADNY defendants did not reject service of the complaint and, instead, stipulated twice to extend their time to answer. The ADNY defendants only objected to the late service in their motion, among other [*4]things, to dismiss, which was filed in April 2021. Under these circumstances, the ADNY defendants waived their right to object to late service of the complaint (see Betancourt v Delta Airlines, Inc., 60 AD3d 609, 609; Nagel v Sonnenberg, 74 AD2d at 565).
Nonetheless, the ADNY defendants were entitled to dismissal of the first, second, third, fourth, fifth, seventh, and tenth causes of action insofar as asserted against them pursuant to CPLR 3211(a)(2). In general, "'[t]he First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs'" (New Hope Christian Church, Inc. v Parks, 236 AD3d 669, 670, quoting Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286). If resolution of issues raised in an action would "necessarily involve an impermissible inquiry into religious doctrine or practice," then the causes of action should be dismissed as nonjusticiable pursuant to CPLR 3211(a)(2) (Rodzianko v Parish of the Russian Orthodox Holy Virgin Protection Church, Inc., 117 AD3d 706, 707; see New Hope Christian Church, Inc. v Parks, 236 AD3d at 671; Eltingville Lutheran Church v Rimbo, 174 AD3d 856, 858-859). However, "'[c]ivil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis for their resolution'" (Queens Branch of the Bhuvaneshwar Mandir, Inc. v Sherman, 156 AD3d 658, 659, quoting Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286).
Here, the plaintiff's case rests upon his allegation that he was wrongfully forced out of the NAC on the fraudulent basis of, inter alia, his unsatisfactory progress in "human formation" (cf. McKelvey v Pierce, 173 NJ 26, 54-55, 800 A2d 840, 857-858). The plaintiff's evidentiary submissions indicate that "human formation" is the development of the maturity and personality required of a Catholic priest. Therefore, in order to prevail on any cause of action, the plaintiff would need to prove that his progress in "human formation" was satisfactory, which would necessarily involve an impermissible inquiry into religious doctrine or practice (see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 288; Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d 1036, 1038; Drake v Moulton Mem. Baptist Church of Newburgh, 93 AD3d 685, 686). Accordingly, the Supreme Court properly granted dismissal of the first, second, and tenth causes of action insofar as asserted against the ADNY defendants pursuant to CPLR 3211(a)(2) and should have granted dismissal of the third, fourth, fifth, and seventh causes of action insofar as asserted against the ADNY defendants pursuant to CPLR 3211(a)(2).
Finally, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for leave to amend the complaint. Pursuant to CPLR 3025(b), "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading." Here, the plaintiff failed to submit a proposed amended complaint in support of his cross-motion. Under these circumstances, the court properly denied that branch of the plaintiff's cross-motion which was for leave to amend the complaint (see Onco360 Holdings 1, Inc. v McDermott Will & Emery, LLP, 238 AD3d 890, 893; U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1115; G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327).
In light of our determination, we need not reach the parties' remaining contentions.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court